NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3506-15T1

DANIEL W. BUTCHEN,

 Petitioner-Appellant,

v.

NEW JERSEY MOTOR VEHICLE
COMMISSION,

 Respondent-Respondent.
___________________________________

 Submitted May 2, 2017 – Decided May 19, 2017

 Before Judges Ostrer and Leone.

 On appeal from the New Jersey Motor Vehicle
 Commission.

 Lawrence B. Sachs, attorney for appellant.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Zachary N. Klein, Deputy Attorney
 General, on the brief).

PER CURIAM

 Petitioner Daniel W. Butchen appeals from the February 11,

2016 final decision of the Chief Administrator of the New Jersey

Motor Vehicle Commission, suspending his New Jersey driving
privileges for 730 days, effective March 11, 2016. The suspension

was based on Butchen's conviction in New York State on August 20,

2015, of driving under the influence (DUI). As a first offender

in New York, his driving privileges there were revoked for 301

days, effective January 15, 2016 (after the expiration of a

previously ordered stay). Although it was Butchen's first New

York DUI, he was previously convicted on January 26, 2012, of

driving under the influence in New Jersey.

 The New York Division of Motor Vehicles sent a notice of the

New York conviction, dated November 26, 2015, to the "CDL Unit"

of the New Jersey Motor Vehicle Commission. The New Jersey Motor

Vehicle Commission recorded the information on January 6, 2016.

The next day, the Administrator notified Butchen of the impending

suspension of his New Jersey driving privileges. The Administrator

cited his authority under N.J.S.A. 39:5D-4 (authorizing New Jersey

to give effect to out-of-state DUI convictions as if committed

here); N.J.S.A. 39:5-30 (authorizing the Commission to suspend

licenses); and N.J.A.C. 13:19-11.1 (stating that if an out-of-

state conviction constitutes a second DUI violation, "a suspension

shall be imposed under N.J.S.A. 39:4-50 corresponding to the number

of the violation"). We note that N.J.S.A. 39:4-50(a)(2) mandates

a two-year suspension for a second conviction of DUI. The

Administrator advised Butchen that the suspension would be

 2 A-3506-15T1
effective January 31, 2016, unless he raised factual or legal

issues, in which case the effective date would be postponed until

those issues were resolved.

 In response, Butchen requested a hearing on the grounds that

the New Jersey suspension should commence January 15, 2016, to

coincide with his New York suspension. He also seemed to request

that his suspension be limited to the 301-day term of his New York

suspension.

 This request was rejected in the February 11, 2016 final

decision by the Administrator. The Administrator found that

Butchen's petition raised no material issues of fact. He further

found that Butchen presented no legal basis for his requests.

 On appeal, Butchen renews the request for relief presented

to the Administrator, adding that he was entitled to a hearing.

As he did before the Administrator, he provides no supporting

legal authority for his arguments. We find none.

 Butchen is, undisputedly, guilty of a second DUI offense in

another state. Based on the authority cited, the Administrator

was obliged to impose the suspension period reserved for second-

offenders. The Administrator acted with reasonable promptness

after receiving notice of the New York suspension and proposed to

begin the New Jersey suspension only sixteen days after the New

York suspension began. See Boyd v. Div. of Motor Vehicles, 307

 3 A-3506-15T1
N.J. Super. 356, 359 (App. Div.), certif. denied, 154 N.J. 608

(1998). The additional delay in commencement of the New Jersey

suspension to March 11, 2016, was a product of Butchen's own ill-

founded request for a hearing.

 In short, we find that the Director imposed the appropriate

penalty in the appropriate manner. No violation of rights

occurred. Butchen's conclusory arguments to the contrary lack

sufficient merit to warrant further comment in a written opinion.

R. 2:11-3(e)(1)(E).

 Affirmed.

 4 A-3506-15T1